UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CAROLYN ABDELKHALEQ,** | : | Case No. 5:07 CV 03585 |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **PRECISION DOOR OF AKRON, et al.,** | : | **ORDER** |
| | : | |
| Defendants. | : | |

Before the court is *Defendant Precision Holdings of Brevard, Inc.'s Motion to Dismiss* (Doc. 5) ("Motion to Dismiss"). In response to the Motion to Dismiss, Plaintiff Carolyn Abdelkhaleq has filed an opposition and a motion to permit discovery (Doc. 8) ("Motion for Discovery") pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. For the following reasons, the Motion to Dismiss is **GRANTED** and Abdelkhaleq's Motion for Discovery is **DENIED**.

**I.     BACKGROUND**

Precision Holdings of Brevard Inc.'s ("Precision Holdings") Motion to Dismiss follows Abdelkhaleq's filing of the Complaint against Defendants Precision Holdings and Precision Door of Akron ("Precision Door") for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The Complaint states that Precision Door is a franchise business of Precision Holdings and Abdelkhaleq's former employer under the FLSA. (Doc. 1 at ¶ 4.) Abdelkhaleq claims to have been employed by Precision Door from March 9, 2005 to March 20, 2006 (Doc. 1 at ¶¶ 6, 12) and alleges that both Defendants have failed to compensate her for overtime worked during that time. (Doc. 1 at ¶ 17.) Abdelkhaleq's Complaint, however, is devoid of any allegations demonstrating an

employment relationship between Precision Holdings and herself or that Precision Holdings and Precision Door, collectively, constituted an "enterprise" within the meaning of the FLSA.[1] Defendant Precision Holdings now seeks dismissal from the suit, arguing that Abdelkhaleq was an employee of Precision Door, not Precision Holdings and that it can not, therefore, be held liable under the FLSA for any pay decisions vis-a-vis Abdelkhaleq.[2]

Precision Holdings contends that it is not liable under the FLSA as either Abdelkhaleq's employer or as an enterprise. The FLSA provides that "[a]ny employer who violates the provisions of [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 16(b). Because the Court's jurisdiction over the instant action arises under the FLSA pursuant to 28 U.S.C. § 1331, Precision Holdings argues that the case should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

As stated above, Precision Holdings has styled its Motion to Dismiss as one for lack of subject matter jurisdiction, disputing the Court's authority to exercise federal question jurisdiction over this matter. To advance this contention, Precision Holdings has attached to its motion the affidavit of James Wellbeloved, manager of franchise administration for Precision Holdings. Although Precision Holdings represented to the Court that a copy of the franchise agreement between the Defendants was attached to Wellbeloved's affidavit, no such copy was furnished to the

---

[1] Section 203 of the FLSA defines the scope of the terms "employee," "employer," and "enterprise" for purposes of the Act.

[2] As noted below, Precision Door apparently has not filed an Answer or other responsive pleading in this case; its status as a defendant is not before the Court, by way of a motion to dismiss or otherwise.

2

Court. For the reasons stated below, however, Precision Holdings' failure to attach the franchise agreement to Wellbeloved's affidavit does not prejudice it with respect to the Court's decision in this matter.

## II. ANALYSIS

### A. Precision Holdings' Motion to Dismiss for Lack of Subject Matter Jurisdiction

The first issue before the Court is procedural: whether Precision Holdings' motion to dismiss for lack of subject matter jurisdiction is actually a jurisdictional challenge. Citing *Wenz v. Rossford Ohio Transp. Improvement Dist.*, 392 F. Supp. 2d 931 (N.D. Ohio 2005), Precision Holdings argues that the Court should dismiss Abdelkhaleq's suit for lack of subject matter jurisdiction. In *Wenz*, the court held that Rule 12(b)(1) dismissals fall into two classes: facial attacks and factual attacks. *Id*. at 934 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994), *cert. denied*, 513 U.S. 868 (1994)). Whereas a facial attack challenges the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984), a factual attack contests the factual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997). The *Wenz* Court further concluded:

> When a [c]ourt is inquiring about whether it has subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) . . . . The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction. *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995); *Rogers v. Stratton Inds., Inc.*, 798 913, 915 (6th Cir. 1986); *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997). A rule 12(b)(1) motion is not converted into a Rule 56 motion for summary judgment when a Court examines evidence for this purpose. *Rogers v. Stratton Inds.*, Inc*.,* 798 F.2d 913, 915 (6th Cir. 1986).

*Wenz*, 392 F. Supp. 2d at 934.

Wenz is inapplicable to the present matter, however. Precision Holdings' terse analysis of the Court's ability to dismiss the suit for lack of subject matter jurisdiction fails to properly consider that the facts necessary to stay jurisdiction are inherently linked to the merits of Abdelkhaleq's claim. Where a challenge to subject matter jurisdiction implicates the plaintiff's cause of action, as it does here, the Sixth Circuit instructs that a district court assume jurisdiction and adjudicate the objection as one on the merits. *Gentek Building Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). *See also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006) (holding that subject matter jurisdiction and the merits are deemed sufficiently interwoven where the same statute sustains the basis of both). Indeed, the Supreme Court has ruled that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Only when a federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" is Rule 12(b)(1) dismissal proper. *Id*. (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Although the Court ultimately concludes that Abdelkhaleq has failed to plead allegations concerning each of the material elements necessary to recover under her FLSA claim, the Court is not prepared to outright declare her cause of action sufficiently devoid of merit as to not involve a federal controversy. In fact, the Eleventh Circuit has held that "the sections of the FLSA that provide the substantive relief, §§ 206 and 207, are intertwined with, and dependent upon, the section of the FLSA that defines the scope of the FLSA, § 203." *Turcios v. Delicias Hispanas Corp.*, No. 07-15547 2008 U.S. App. LEXIS 9784, * at 7-8 (11th Cir. April 29, 2008). As such, the Court will not address Precision Holdings' motion as an attack on jurisdictional grounds; it is, instead, an attack

on the merits of Abdelkhaleq's case.

### B. Precision Holdings' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Because the Court is reviewing Precision Holdings' motion as an attack on the merits, it treats the Rule 12(b)(1) motion as a Rule 12(b)(6) motion. Rule 12(d) states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 . . . ." Fed. R. Civ. P. 12(d). The Court notes that Defendant Precision Holdings attached to its motion the affidavit of Mr. Wellbeloved, wherein the relationship between Precision Holdings and Precision Door is discussed. The ultimate resolution of Abdelkhaleq's case is not dependent upon the information presented in Wellbeloved's affidavit, however. Nowhere in her Complaint does Abdelkhaleq claim that she was ever employed by Precision Holdings, that Precision Holdings and Precision Door jointly constitute an enterprise, or that Precision Holdings is somehow chargeable with the conduct of Precision Door. Because the Court refuses to entertain allegations not stated in the Complaint, it will not rely on the affidavit of Wellbeloved to dispose of this matter. Therefore, in accordance with Rule 12(d), the Court finds it proper to exclude Wellbeloved's affidavit from the record and treat Precision Holdings' Rule 12(b)(1) motion as a Rule 12(b)(6) motion, not a Rule 56 motion for summary judgment.

### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (citing *Sims v. Mercy Hospital of Monore*, 451 F.2d 171, 173 (6th Cir. 1971)). In reviewing a Rule 12(b)(6) motion, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's

factual allegations as true, and determine whether the complaint contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A claim should be dismissed if it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id*. at 1969 (omitting citations and quotations, emphasis in original).

### 2. Discussion

The Sixth Circuit instructs that a plaintiff will not prevail on a motion to dismiss if her complaint fails to present to the Court any allegations that demonstrate a right to recovery. *See Meizbov. v. Allen*, 441 F.3d 712, 716 (6th Cir. 2005) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988), and holding that "[t]o survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory"). The bottom line is that Abdelkhaleq is bringing a claim against Precision Holdings pursuant to the FLSA, but has failed to state allegations necessary to demonstrate that Precision Holdings is, in any way, liable under the Act.

In her Complaint, Abdelkhaleq names Precision Door as her employer, not Precision Holdings. Abdelkhaleq further states that Precision Door is a franchise business of Precision Holdings. To the extent that Abdelkhaleq seeks a Rule 56(f) motion to demonstrate that Precision Door and Precision Holdings, collectively, constitute an enterprise, she has not alleged any such relationship between Defendants in her Complaint and, under the current state of the law, she could not do so in good faith. Indeed, the Supreme Court has expressly ruled that franchise agreements, which she affirmatively alleges existed between the two defendants, do <u>not</u> create an enterprise

6

between the franchisor and franchisee within the meaning of the FSLA. *Brennan v. Arnhem & Neely, Inc.*, 410 U.S. 512, 517-518 (1973). The FSLA provides that an:

> [e]nterprise means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, *but shall not include the related activities performed for such an enterprise by an independent contractor. Within the meaning of this subsection, a retail or service establishment which is under independent ownership shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise by reason of any arrangement*, which includes, but is not necessarily limited to, an agreement, (A) that it will sell, or sell only, certain goods specified by a particular manufacturer, distributor, or advertiser, or (B) that it will join with other such establishments in the same industry for the purpose of collective purchasing, or (C) that it will have the exclusive right to sell the goods or use the brand name of a manufacturer, distributor, or advertiser within a specified area . . . .

29 U.S.C. § 203(r)(1) (emphasis added).

Indeed, in *Marshall v. Shan-An-Dan, Inc.*, 747 F.2d 1084, 1088-1089 (6th Cir. 1984), the Sixth Circuit held that the Act's "[l]egislative history makes it clear that . . . the shared right to use the brand name of a manufacturer or distributor between a franchisor and franchisee does not make the two a single entity for purposes of FLSA." In *Marshall*, the court found that "common control" did not exist between Defendants franchisor and franchisee because the two were located in different states, no recordkeeping or safekeeping activities were conducted by one Defendant for the other, they did not share any common facilities for recordkeeping or storage, and both had different managers and owners. *Id*. at 1087.

In the present matter, Abdelkhaleq does not allege that Precision Door and Precision Holdings comprise an "enterprise" under the FLSA, and does not allege facts that would support a claim of "common control" between them. While, at one point, Abdelkhaleq asserts that 'Precision

7

Holdings' is the "parent company" of Precision Door, that is a conclusory claim which is refuted by all other factual allegations in the complaint. Thus, not only does Abdelkaleq affirmatively allege that Precision Door is a franchise operator (as distinct from a division or subsidiary of Precision Holdings), and that it was Precision Door (and not Precision Holdings) who employed her, she also goes on to assert that George Lybrook and Dale Fuller (who she claims were affiliated only with Precision Door) were the *actual* owners of Precision Door. In fact, the only other specific factual allegation about Precision Holdings in Abdelkhaleq's complaint is that it is a Florida company (which Precision Door is not). The Sixth Circuit holds that "the test for common control is 'whether there is a common control center with the ultimate power to make binding policy decisions for all units of the enterprise.'" *Id.* (quoting *Dunlop v. Ashy*, 555 F.2d 1228, 1231 (5th Cir. 1977)). Abdelkhaleq does not allege, in the slightest, that Precision Door, an Ohio company, and Precision Holdings jointly conduct business operations, share officers or management, or that Precision Holdings exercises any control, in any way, over the employees of Precision Door. Accordingly, Abdelkhaleq has not plead any allegations demonstrating the requisite common control or unified operation necessary to find that the Precision Door and Precision Holdings are an enterprise within the meaning of the FLSA. Because Abdelkhaleq did not aver in her Complaint that Precision Holdings was her employer or that Precision Door and Precision Holdings constitute an enterprise, or assert any factual allegations supporting any such contentions, and, instead, identifies Precision Door as a franchise operation, the Court concludes that she has failed to present claims that would allow recovery under the FLSA.

To the extent that Abdelkhaleq claims that she will amend her Complaint if needed, she does not explain how she could ever change those facts which prevent her from asserting a viable claim

8

against Precision Holdings – *i.e.*, the franchisor/franchisee relationship <u>she</u> alleges exists between them and the fact that <u>she</u> identifies Precision Door, and only Precision Door, as her employer. No amended complaint, moreover, can change the law applicable to those facts. For these reasons, Precision Holdings Motion to Dismiss is well-taken.

### C. Plaintiff's Rule 56(f) Motion

Because the Court is not treating Precision Holdings' Motion to Dismiss as one for summary judgment and because Rule 56(f) is solely applicable to motions for summary judgment, the Court denies Abdelkhaleq's Rule 56(f) Motion for Discovery.[3] The Court's conclusions under Rule 12(b)(6) are based on Abdelkaleq's own allegations on the face of her complaint.

### D. Sanctions and Sur-Reply

Also pending before the Court is Abdelkhaleq's *Motion for Leave to File Sur-Reply to Reply to Plaintiff's Opposition to Motion to Dismiss* ("Motion to File Sur-Reply"). Abdelkhaleq read Precision Holdings' *Reply to Plaintiff's Opposition to Motion to Dismiss* as requesting sanctions against her or her counsel pursuant to Rule 11. Consequently, she felt compelled to respond and filed this motion for leave. Precision Holdings has represented to the Court in a subsequent filing that it is not seeking sanctions against her. Because Abdelkhaleq's Motion to File Sur-Reply was directed solely at this issue, accordingly, this motion is denied as moot.

### E. Remaining Defendant

It is unclear to the Court why this action remains pending against Precision Door. The

---

[3] The Court notes, moreover, that Abdelkhaleq's motion fails to identify the <u>specific</u> information she would seek from Precision Holdings or to identify how that information might alter the Court's conclusions as to her ability to assert a viable claim under the FSLA against that particular defendant.

9

docket indicates that Precision Door was properly served with the Complaint. Since that time, however, Precision Door has not appointed counsel or filed and served a responsive pleading as required by Rule 12(a). Despite that fact, no request for entry of default or for default judgment has been made. Accordingly, Abdelkhaleq has ten days (10) following the issuance of this order to (1) voluntarily dismiss her claims against Precision Door under Rule 41(a)(1)(A)(i); (2) seek entry of default and a default judgment against Precision Door; or (3) show cause as to why she is unable to do so. If she fails to take any of these actions, the Court will dismiss Precision Door with prejudice from this lawsuit for Abdelkhaleq's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Precision Holdings' Motion to Dismiss (Doc. 5) pursuant to Rule 12(b)(6). Further, the Court **DENIES** Abdelkhaleq's Rule 56(f) Motion for Discovery. Additionally, the Court **DENIES** Abdelkhaleq's Motion for Leave to File Sur-Reply (Doc. 11). Lastly, Abdelkhaleq has ten days (10) to respond to the Court's order regarding Defendant Precision Door.

**IT IS SO ORDERED.**

                **s\ Kathleen M. O'Malley**
                **KATHLEEN McDONALD O'MALLEY**
                **UNITED STATES DISTRICT JUDGE**

**Dated: August 21, 2008**